

**VA** | U.S. Department
of Veterans Affairs

VA Accreditation Program (022D)
Office of General Counsel

810 Vermont Avenue, NW
Washington, DC 20420
ogcaccreditationmailbox@va.gov

In Reply Refer To:
**022D-63877**

JUN 29 2017

Mr. Jim Hill
Vet Comp and Pen Medical Consulting, LLC
2124 SW 102nd Terrace
Gainesville, FL 32607

Dear Mr. Hill:

The Department of Veterans Affairs (VA) has received information that your business, Vet Comp and Pen Medical Consulting, LLC, may be engaged in illegal activities, which include the unauthorized preparation, presentation, and prosecution of claims for VA benefits, as well as charging claimants for your services.

Chapter 59 of title 38, United States Code, and sections 14.626-14.637 of title 38, Code of Federal Regulations, govern the representation of persons seeking VA benefits. Under these laws, an individual must be accredited by VA as an agent, attorney, or representative of a VA-recognized veterans service organization to assist in the preparation, presentation, and prosecution of a claim for VA benefits. 38 U.S.C. §§ 5901-5902, 5904; 38 C.F.R. § 14.629. In other words, to provide assistance with a claim for VA benefits, even without charge, a person must be accredited by VA as an agent, attorney, or service organization representative. VA regulations provide a *one-time* only exception to this general rule, which authorizes a person to provide assistance on a particular claim, but such assistance must be without cost to the claimant and is otherwise subject to the laws governing representation. 38 C.F.R. § 14.630. Because neither you nor your business are currently accredited by VA, you are prohibited by law from assisting veterans in the preparation, presentation, and prosecution of claims before VA.

Section 5902(a)(1) of title 38, United States Code, authorizes VA to recognize veterans service organizations for the purpose of ensuring competent representation of veterans. VA implemented this authority in 38 C.F.R. § 14.628, which, among other things, requires that an organization applying for recognition demonstrate a substantial service commitment to veterans. An organization must apply for VA recognition, demonstrate that it satisfies the legal requirements for recognition, and then certify to VA that each of the organization's representatives who will assist veterans in the preparation, presentation, and prosecution of claims before VA meets the legal requirements for accreditation in 38 C.F.R. § 14.629(a). Vet Comp and Pen Medical Consulting, LLC, has not applied for or received VA recognition. Accordingly, Vet Comp and Pen Medical Consulting, LLC, does not have accredited

(OGC FOIA 23-12321-F)   000021

2.

Vet Comp and Pen Medical Consulting, LLC

representatives available to represent veterans before VA and is prohibited by law from representing veterans before VA.

On Vet Comp and Pen Medical Consulting, LLC's website, it states "Ensuring YOU Receive ALL the VA has Promised!" In a section titled "Who We Are & What We Are Experts In," the page advertises that your business is "a private medical/legal consulting firm," that helps "disabled veterans like you obtain ALL of the compensation benefits you're legally entitled to from the Department of Veterans Affairs." Comparing your company's services to VSOs, you highlight that "[t]hey're not legal professionals. . . . They don't have the extensive medical or legal training needed to fully decipher your personal VA disability puzzle from a medical/legal [sic]. . . . [C]an your VSO explain to you why you medically and legally qualify for 70% vs. 30%?" Additional sections of the business webpage, including a 11:56 long video entitled "The 6 Stages of the VA Disability Claims Process," extensively discuss legal entitlement to compensation for disabilities, and advertise how you guide Veterans through the process of applying for benefits, prepare application materials, as well as review prior decisions and records to assess for additional claims, including CUE claims.

Further evidence of your unauthorized representation of claimants for VA benefits is provided by an instruction sheet you provide to clients. The sheet specifically instructs clients to "[r]eview ALL enclosed VA forms and applications for accuracy of information. If you feel that something is inaccurate, please DO NOT alter anything (which includes checking any boxes) unless you call me first!" You further instruct clients to "please call me regarding ALL received correspondences from the VA, and let me handle them for you, so that no processing errors will occur!" The remainder of the instruction sheet provides guidance on filing claims packets, provided by your company, as well what to do upon receipt of various forms from the VA.

These statements strongly suggest that your organization is unlawfully assisting in the preparation, presentation, and prosecution of claims before VA. By assisting in preparing claims, you and your organization are violating the laws governing accreditation. *See* 38 U.S.C. §§ 5901-5902, 5904; 38 C.F.R. § 14.629. To our knowledge, no one from Vet Pen and Comp Medical Consulting, LLC, has obtained VA accreditation as an agent, attorney, or Veterans Service Organization representative. Therefore, you and your organization are prohibited by law from representing veterans before VA.

Further, under the laws governing representation, no person or organization may charge claimants a fee for assistance in preparing initial applications for VA benefits or presenting claims to VA. Only VA-accredited agents and attorneys may charge fees for assisting in a claim for VA benefits, and only after VA has decided the claim, a notice of disagreement (NOD) has been filed initiating an appeal of that decision, and the agent or attorney has complied with the power-of-attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R.

(OGC FOIA 23-12321-F) 000022

3.

Vet Comp and Pen Medical Consulting, LLC

§ 14.636(g). 38 U.S.C. § 5904(c)(1); 38 C.F.R. § 14.636(c).

The restrictions mentioned above are not the only the only restrictions on fees. Although the amount of fees charged by a VA-accredited agent or attorney for work completed after an NOD may be based on a fixed fee, hourly rate, a percentage of benefits recovered, or a combination of these bases, all fees charged must be reasonable. 38 C.F.R. § 14.636(e); see also 38 U.S.C. § 5904(a)(5). Factors that are considered in determining whether fees are reasonable include: (1) the extent and type of services performed; (2) the complexity of the case; (3) the level of skill and competence required; (4) the amount of time spent on the case; (5) the results achieved, including the amount of any benefits recovered; (6) the level of review to which the claim was taken and the level of review at which the representative was retained; (7) rates charged by other representatives for similar services; and (8) whether, and to what extent, the payment of fees is contingent upon the results achieved. 38 C.F.R. § 14.636(e). It is important to note that only a fee that does not exceed 20 percent of any past-due benefits awarded is presumed to be reasonable. 38 U.S.C. § 5904(a)(5); 38 C.F.R. § 14.636(f). Conversely, on the other end of the spectrum, any fee that exceeds 33 1/3 percent is presumed to be unreasonable. 38 C.F.R. § 14.636(f). It is further important to note that no fee agreement may require fees to be paid from future payments of benefits to claimants. See 38 U.S.C. § 5301(a) (prohibiting assignment or attachment of, or claim of creditors against, payments due or to become due under laws administered by the Secretary of VA, except to the extent specifically authorized by law); Busch v. West, 12 Vet. App. 552, 553 (1993) (per curiam order) (holding fee agreement lien provision, which included a lien on "any sums recovered" to be unreasonable under 38 U.S.C. § 7263(d) because it conflicted with § 5301(a) and 5904(d)(3)); Vargas-Gonzalez v. West, 12 Vet. App. 63, 64 (1998) (per curiam order) (same).

We have obtained information, including a "Medical Consulting Services Agreement," that discloses the fee arrangement you charge clients. The agreement outlines the fees your company charge, including that a Veteran shall be required to pay three times the difference between the pre-consulting monthly compensation benefit amount and the total newly awarded monthly compensation benefit amount. There is an additional charge of ten percent of any retroactive gross benefit awards that are a result of (1) expert medical opinions, (2) appeals, and/or (3) development of CUE claims. Because Vet Comp and Pen Medical Consulting is not accredited by the VA, and you are not an accredited individual, you and your company are prohibited by law from charging veterans a fee for assisting them in the preparation, presentation, and prosecution of their VA claims. Moreover, even if you were accredited by VA, the terms of the fee agreement allow for situations where the fee payable could exceed 33 1/3 percent of past-due benefits awarded and would be presumptively unreasonable, and would be an unlawful assignment of benefits pursuant to 38 U.S.C. § 5301(a).

Additionally, the standards of conduct for individuals accredited to represent claimants for VA benefits are based upon the Model Rules of Professional Conduct.

(OGC FOIA 23-12321-F)   000023

4.

Vet Comp and Pen Medical Consulting, LLC

*See* 38 U.S.C. § 5904(a)(2). Rule 7.1 of the Model Rules of Professional Conduct requires that "[a] lawyer shall not make a false or misleading communication about the lawyer or lawyer's services. A communication is false or misleading if it contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading." Comment [2] to the Rule makes clear that "[t]ruthful statements that are misleading are also prohibited." Your company's website possibly violates these requirements. *See, e.g., In re Huelskamp,* 740 N.E.2d 846, 848 (Ind. 2000). Of particular note is a passage where you boast:

> [D]uring the past 7 years, we NEVER had a single retiring veteran fail to hit 50% or higher VA Svc. Con. Disability rating when we reviewed their medical records while they were in their +/-365 window, with most Army & USMC retirees coming in at 90 to 100% rating. With our help, those veterans file an average of 25-35 claims while in the +/- 365 window vs. an average of 5-15 when they just use a VSO.

You additionally advertise assistance with a "Lifestyle Impact Claim," stating:

> The Lifestyle Impact Claim is a high-value secondary condition that most veterans are eligible for to varying degrees of ratings or intensity. It is one that is rarely acknowledged by the VA regional office, but it provides additional compensation to veterans for the impact their current service connected disability is having on their overall lifestyle, whether that impact is social, recreational, or vocational. Our clients typically receive 30%, 50%, or 70% for just this one claim alone. To qualify for this claim, you MUST be currently service connected at 0% or higher for a disability that is somehow significantly impacting your life in a negative way on a daily basis. We can help you establish a claim for both the disability and its impact on your lifestyle.

We are not aware of any such claim, and, therefore, even if you were accredited, your advertising may be considered a violation of the VA standards of conduct for accredited individuals, which requires that you be truthful in your dealings with claimants and VA as well as prohibits you from, among other things, engaging in conduct involving fraud, deceit, misrepresentation or dishonesty. *See* 38 C.F.R. § 14.632(a)(2) (requiring accredited individuals to be truthful in their dealings with claimants and VA), (c)(3) (prohibiting accredited individuals from engaging in conduct involving fraud, deceit, misrepresentation or dishonesty), (c)(4) (prohibiting accredited individuals from violating any of the provisions of title 38, United States Code, and title 38, Code of Federal Regulations), (c)(11) (prohibiting accredited individuals from engaging in any other unlawful or unethical conduct).

By law, you, individually, and your organization, must immediately cease all preparation of and assistance in claims for VA benefits. Within 30 days of the date of this letter, please inform us of the measures you are taking to address our concerns. If we do not hear from you or if we determine that you have not taken appropriate

(OGC FOIA 23-12321-F)   000024

5.

Vet Comp and Pen Medical Consulting, LLC

measures to cease any and all illegal activities, we will refer the matter to the appropriate law-enforcement authorities.

Sincerely yours,

(b)(6)

David J. Barrans
Chief Counsel

(OGC FOIA 23-12321-F) 000025