

**VA Accreditation, Discipline, & Fees**
**Benefits Law Group**
Office of General Counsel

810 Vermont Avenue, NW
Washington, DC 20420
ogcaccreditationmailbox@va.gov

In Reply Refer To:
022D-100051

January 28, 2022

**Sent via certified mail**

Mr. James S. Hill
Trajector, Inc.
410 SW 140th Terrace
Newberry, FL 32669

Dear Mr. Hill:

The Office of General Counsel (OGC) of the Department of Veterans Affairs (VA) is in receipt of information obtained from publicly available sources suggesting that Trajector, Inc., for which you are the Chairman and Co-Chief Executive Officer (CEO), by and through its subsidiaries, to include Trajector Medical, may be engaged in activities which may violate various Federal statutes and applicable regulations, including the unauthorized preparation, presentation, or prosecution of claims for VA benefits and the charging of fees to VA claimants that are clearly unreasonable or otherwise prohibited by laws or regulations. Additionally, the information further suggests that attorneys employed by and through Trajector Legal, LLC (Trajector Legal), may be in violation of several provisions within VA's standards of conduct for VA-accredited individuals.

## I.  Trajector Medical

Chapter 59 of title 38, United States Code, and sections 14.626-14.637 of title 38, Code of Federal Regulations, govern the representation of persons seeking VA benefits. The purpose in regulating who may provide claims assistance to Veterans is to ensure that they "have responsible, qualified representation in the preparation, presentation, and prosecution of claims for veterans' benefits." 38 C.F.R. § 14.626.

Pursuant to 38 U.S.C. § 5902, VA is authorized to recognize organizations to assist claimants with their VA benefit claims. VA regulations require organizations to apply for VA recognition and demonstrate that the organization satisfies the legal requirements for recognition. 38 C.F.R. § 14.628(d)(1)(i). Our records indicate that

(OGC FOIA 23-12321-F)   000150

2.

Mr. James S. Hill

neither Trajector, Inc., nor any of its subsidiaries, to include Trajector Medical and Trajector Legal, hold VA recognition. Accordingly, as an organization, Trajector, Inc., and its subsidiaries are prohibited by law from preparing, presenting, or prosecuting VA benefit claims.

VA is further authorized to accredit individuals as representatives of VA-recognized veterans service organizations, agents, and attorneys, to prepare, present, and prosecute claims for VA benefits. 38 U.S.C. §§ 5901-5902, 5904; 38 C.F.R. § 14.629. VA regulations provide a *one-time* only exception to this general rule requiring accreditation, which authorizes a person to provide assistance to one claimant on a particular claim, but such assistance must be without cost to the claimant and is otherwise subject to the laws governing representation. 38 C.F.R. § 14.630.[1] Because the staff of Trajector Medical are not accredited by VA and do not qualify for the exception to the general rule requiring VA accreditation, they are prohibited by law from assisting Veterans in the preparation, presentation, or prosecution of their claims before VA.

An October 18, 2021, public filing to the Securities and Exchange Commission (SEC), set forth Trajector, Inc.'s business plan and stated, "[w]e help each Veteran develop a personalized claim strategy based on their medical evidence, including identifying critical connections between symptoms and medical conditions to formal medical diagnoses and linking them when appropriate to their military service so that our clients may prepare and submit these claims to the VA."[2] Form S-1, TRAJECTOR, INC., sec.gov, https://www.sec.gov/Archives/edgar/data/0001875772/000119312521300749/d18016 8ds1.htm (last visited Jan. 14, 2022). The SEC filing further stated that the company's Veterans Services segment "assists Veterans in evaluating their disabilities to understand how those disabilities are connected to their military services and how those disabilities fit within the VA Disability Rating criteria used by the VA for determining compensation." *Id.* Moreover, the Trajector Medical website advertises that "[o]ur team of knowledgeable, dedicated associates is experienced in assessing medical and service records to relate symptoms and diagnoses to military service, in accordance with [title 38 of the Code of Federal Regulations]" and assuring that the Veteran should "[f]eel confident that [the Veteran's] history and records are thoroughly reviewed and used in developing the right medical evidence to support [the Veteran's] VA disability benefits" because "[o]ur experience is speaking,

---

[1] In addition, the VA General Counsel may also extend the exception to other claimants when unusual circumstances are present, but such extensions must be specifically requested though OGC. *See* 38 C.F.R. § 14.630(b).

[2] The SEC filing was withdrawn on January 4, 2022; however, the submission still remains available to the public. *See* Form S-1, TRAJECTOR, INC., sec.gov, https://www.sec.gov/Archives/edgar/data/0001875772/000119312521300749/d18016 8ds1.htm (last visited Jan. 14, 2022).

(OGC FOIA 23-12321-F)   000151

3.

Mr. James S. Hill

understanding, and applying [title 38 of the Code of Federal Regulations] in your personalized medical evidence." Why Us, trajectormedical.com, https://www.trajectormedical.com/why-us/ (last visited Jan. 14, 2022). The statements indicate that the services Trajector Medical staff provide involve preparing and developing claims to be submitted to VA, and those services are part of an overall business model to provide assistance, strategy, and advocacy in support of claims for VA benefits. A reasonable claimant would conclude that the services provided by Trajector Medical are for the purpose of assisting in the preparation, presentation, and prosecution of the claimant's VA benefit claim. This logical conclusion is reinforced by Trajector Medical's payment structure, discussed below. Accordingly, the statements in Trajector, Inc.'s SEC filing and Trajector Medical's advertising materials strongly suggest that Trajector Medical staff is unlawfully preparing, presenting, and/or prosecuting VA benefit claims. *See* 38 U.S.C. §§ 5901-5902, 5904; 38 C.F.R. §§ 14.628 and 14.629.

Further, under the laws governing representation, no person or organization may ever charge a claimant a fee for assistance in preparing an initial application for VA benefits or presenting an initial claim to VA. Only a VA-accredited agent or attorney may charge a fee for assisting in a claim for VA benefits, and only after VA has decided the initial claim and the agent or attorney has complied with the power-of-attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). *See* 38 U.S.C. § 5904(c)(1); 38 C.F.R. § 14.636(c). Thus, because the staff of Trajector Medical is not accredited by VA as agents or attorneys, and because, based on Trajector, Inc.'s published statements, it appears that Trajector Medical staff is charging for the services they are providing in furtherance of the preparation and presentation of initial benefit claims, their actions appear to be contrary to law.

I remind you that, in June 2017, OGC wrote to you regarding the business activities of Vet Comp and Pen Medical Consulting, LLC, which is listed as a legacy brand of Trajector, Inc., in the SEC filing. *See* enclosure 1: OGC's June 2017 letter; *see also* Form S-1, TRAJECTOR, INC., sec.gov, p. 5, https://www.sec.gov/Archives/edgar/data/0001875772/000119312521300749/d18016 8ds1.htm (last visited Jan. 14, 2022). In OGC's June 2017 letter, OGC informed you that statements from your website strongly suggested that your organization was unlawfully assisting in preparing VA claims. OGC advised that you, individually, and your organization, must immediately cease all preparation of and assistance in claims for VA benefits. In your July 2017 response to OGC, you asserted that you did not represent or assist claimants before VA. *See* enclosure 2: James Hill's July 2017 letter. Through this letter, OGC is, again, informing you that Trajector Medical's website (and statements in Trajector, Inc.'s SEC filing) strongly suggests that the company and its staff are unlawfully assisting in preparing VA benefit claims. It is important to bear in mind that the statutory limitations on assisting Veterans with their VA benefit claims are based on the legislative scheme for VA claims established by Congress, and extend to all matters involving the preparation, presentation, and

4.

Mr. James S. Hill

prosecution of a claim, even if those activities occur before the official appointment of representation through the submission of VA Forms 21-22 or 21-22a. *See* 38 U.S.C. §§ 5901, 5902-5904.

Trajector, Inc.'s SEC filing stated, "we do not believe that ... the evidence development activities of Trajector Medical require accreditation from the VA or are subject to the fee regulations imposed on accredited representatives." Form S-1, TRAJECTOR, INC., sec.gov, p. 26, https://www.sec.gov/Archives/edgar/data/0001875772/000119312521300749/d18016 8ds1.htm (last visited Jan. 14, 2022). Likewise, in your July 2017 response to OGC, you explained that you do not operate under or before VA and that you "prepare the *person*—not the *claim*—with a complete medical evaluation that educates and creates a competent and empowered claimant." *See* enclosure 2: James Hill's July 2017 letter, p 4. However, this is a distinction without a difference. Section 5901 does not limit the prohibition against acting as a claims agent or attorney to only those individuals who provide representation—meaning providing services after entering an appearance on the claim—to claimants before VA. *See* 38 C.F.R. § 14.627(p) (defining "representation"). Indeed, the implementing regulation, 38 C.F.R. § 14.629(b)(1), provides that no individual may *assist claimants* in the *preparation*, presentation, and prosecution of claims for VA benefits as an agent or attorney unless VA has accredited such individual. Trajector Medical's practice of "develop[ing] a personalized claim strategy ... assist[ing] Veterans in evaluating their disabilities to understand how those disabilities fit within the VA Disability Rating criteria," and its statements regarding its experience in "speaking, understanding, and applying [title 38 of the Code of Federal Regulations] in [a veteran's] personalized medical evidence," strongly suggest that Trajector Medical is participating in VA claims preparation. *See* Why Us, trajectormedical.com, https://www.trajectormedical.com/why-us/ (last visited Jan. 14, 2022).

Moreover, Trajector Medical's fee structure, which charges a fee explicitly based on the successful outcome of a VA claim, further calls into question Trajector, Inc.'s assertion that its medical consulting services do not directly involve the preparation of VA claims. Trajector, Inc.'s SEC filing explains that the "fee for services provided [by Trajector Medical's staff] is calculated at a rate that considers the difference between the [claimant's] increase in pay for a period of five months." Form S-1, TRAJECTOR, INC., sec.gov, p. 86, https://www.sec.gov/Archives/edgar/data/0001875772/000119312521300749/d18016 8ds1.htm (last visited Jan. 14, 2022). However, a contract with a VA claimant generally may not obligate that claimant to pay fees from their payments of benefits. *See* 38 U.S.C. § 5301(a) (prohibiting assignment or attachment of, or claim of creditors against, payments due or to become due under laws administered by the Secretary of Veterans Affairs, except to the extent specifically authorized by law). The statute allowing for the payment of fees for the preparation, presentation, or prosecution of VA benefit claims from past-due benefits, 38 U.S.C. § 5904, is considered "an exception to th[is] assignment-of-VA-benefits statutory prohibition[.]"

(OGC FOIA 23-12321-F)   000153

5.

Mr. James S. Hill

*Snyder v. Gober*, 14 Vet. App. 154, 163 (2000), *adhered to in relevant part on reconsideration sub nom. Snyder v. Principi*, 15 Vet. App. 285, 291 (2001). And even this exception does not go as far as to allow for an attorney or agent to contract for the payment of fees from a claimant's future benefits. *Busch v. West*, 12 Vet. App. 552, 553 (1993) (per curiam order) (holding fee agreement lien provision, which included a lien on "any sums recovered" to be unreasonable under 38 U.S.C. § 7263(d) because it conflicted with §§ 5301(a) and 5904(d)(3)); *Vargas-Gonzalez v. West*, 12 Vet. App. 63, 64 (1998) (per curiam order) (same). Thus, even assuming arguendo that Trajector, Inc.'s logic is correct in that the services provided by Trajector Medical do not amount to the preparation, presentation, or prosecution of a Veteran's benefit claims, all fee contracts that Trajector Medical has entered into with Veterans would then appear to constitute unlawful assignments of benefits pursuant to 38 U.S.C. § 5301(a). Conversely, if Trajector, Inc.'s logic is incorrect and the services provided by Trajector Medical do amount to the preparation, presentation, or prosecution of VA benefit claims, then, as explained above, Trajector, Inc., would appear to be in violation of several statutes and regulations that govern VA accreditation and the charging of fees.

By law, Trajector Medical and its staff must immediately cease all preparation, presentation, and prosecution of VA benefit claims, charging fees for those services, and withholding VA benefits to the extent that they are doing so contrary to law. Within 30 days of the date of this letter, please inform us of the measures that Trajector, Inc., and Trajector Medical are taking to address our concerns noted above. If we do not hear from Trajector, Inc., within that time period, or if we determine that Trajector, Inc., or Trajector Medical, has not taken appropriate measures to cease any and all illegal activities, we will refer the matter to appropriate Federal and State law-enforcement authorities.

## II.    Trajector Legal

VA has received credible written information suggesting that attorneys of Trajector Legal may have engaged in improper conduct or demonstrated incompetence in connection with the preparation, presentation, or prosecution of VA claims.[3] OGC is responsible for monitoring the conduct of VA-accredited attorneys, agents, and veteran service organization representatives. *See* 38 C.F.R. §§ 14.632 and 14.633. Accordingly, I hereby inform all Trajector Legal attorneys named in

---

[3] The VA-accredited attorneys associated with Trajector Legal are: Natalie Porter Westbrook; Samuel Ryan Vanover; Thomas Jared Ellis; Susan Marie Fox; Derek Harper Wentz; Danielle Christine Choi; Sarah Elizabeth Jenkins; Michael John Ogden; Steven Bradley Howes; Lauren Elizabeth Moss; Patrick Scott Haynes; Tim Benjamin Carpenter; Kirsten Courtney Jansen; James Robert Davis; Nicholas Andrew Huntsman; Kayla Ilene Byrd-Daniels; David Daniel Bott; and James S. Trieschmann.

(OGC FOIA 23-12321-F)   000154

6.

Mr. James S. Hill

footnote 4 that OGC is opening an informal inquiry into their conduct, and providing them with an opportunity to respond.

    A.   Noncompliant Fee Agreements

       Section 14.636(g) of title 38, Code of Federal Regulations, provides that all fee agreements for the payment of fees for services of agents and attorneys must be in writing and signed by both the claimant or appellant and the agent or attorney. VA has received fee agreements submitted by or on behalf of Trajector Legal attorneys, beginning February 21, 2021, through the present date, which include a signature affixed by an electronic device, but the authenticity of the claimant signatory cannot be verified by VA. This raises concern as to whether the claimants were aware of, understood, and consented to the terms of the agreements. Second, section 14.636(g)(1)(iv) requires that a fee agreement include the applicable VA file number. Fee agreements submitted by or on behalf of Trajector Legal attorneys did not include such information. Without the VA file number, the claimant's file cannot be associated with the fee agreement. Moving forward, OGC will no longer accept any fee agreement without a pen-and-ink signature and the inclusion of the VA file number.

       Moreover, VA regulations further provide that the agreement must provide "the specific terms under which the amount to be paid for the services of the attorney or agent will be determined." *See id.* at 14.636(g)(1)(v). Fee agreements submitted by Trajector Legal attorneys include the following language:

> Any claims where a notice of disagreement was not filed before February 19, 2019, no fee will be charged. Any claims where the notice of disagreement was filed before June 19, 2007, no fee will be charged unless there has first been a denial by the Board of Veterans' Appeals.

*See* enclosure 3, redacted fee agreement. If this language is attempting to reflect when a fee may be charged pursuant to current law, the language is unclear and fails to provide to the claimant the specific terms of the payments. Additionally, to the extent any attorney at Trajector Legal is charging a fee for claims in which VA issued its initial decision after February 19, 2019, although such a fee would be permissible under current law, the attorney would be violating the terms of their contract because the contract language contains the restriction that unless a notice of disagreement was filed before February 19, 2019, no fee will be charged by the attorney regardless of whether the claim has been pursued by a later notice of disagreement or through a different avenue of review (e.g., submission of additional evidence or a higher level of review).[4]

---

[4] Pursuant to current law, a VA-accredited attorney or agent may charge a reasonable fee for services provided after VA has notified the claimant of its initial decision with respect to a claim if the notice of the initial decision was issued on or

7.

Mr. James S. Hill

Furthermore, the discharge and withdrawal provision in the fee agreements is inconsistent with applicable law as it calls for payment based on an hourly rate rather than a quantum meruit review. In accordance with 38 C.F.R. § 14.636(f)(2), where the fee charged is a contingency fee, a reasonable fee charged for an attorney who is discharged or withdraws from representation is one that fairly and accurately reflects his or her contribution to and responsibility for the benefits awarded, as informed by the factors set forth in 38 C.F.R. § 14.636(e). The factors considered in § 14.636(e) include: (1) the extent and type of services the representative performed; (2) the complexity of the case; (3) the level of skill and competence required of the representative in giving the services; (4) the amount of time the representative spent on the case; (5) the results the representative achieved, including the amount of any benefits recovered; (6) the level of review to which the claim was taken and the level of the review at which the representative was retained; (7) rates charged by other representatives for similar services; (8) whether, and to what extent, the payment of fees is contingent upon the results achieved; and (9) when an attorney's representation ended before the decision awarding benefits was issued, consideration will be given to the reason(s) that the representation was terminated.[5] 38 C.F.R. § 14.636(e).

At a minimum, these fee agreement practices not only raise concerns regarding the accredited attorneys' competence and compliance with the governing regulations but also suggest that any fees charged may be unreasonable or otherwise prohibited under the law. *See* 38 C.F.R. § 14.632(b)(1) & (c)(5). Therefore, we ask that each Trajector Legal attorney inform us if he/she has sought or collected fees for

after the effective date of the modernized review system. 38 U.S.C. § 5904(c)(1). For cases in which a decision was made before VA implemented its modernized review system (February 19, 2019), there are additional requirements that must be met before a fee may be charged. If an agency of original jurisdiction issued a decision on a claim or claims before the effective date of the modernized review system as provided in 38 C.F.R. § 19.2(a), an accredited attorney or claims agent may not charge claimants a fee unless there has also been a notice of disagreement filed on or after June 20, 2007, with respect to that decision. In cases in which a notice of disagreement was filed on or before June 19, 2007, agents and attorneys may charge fees only for services provided after both of the following additional conditions have been met: (1) the Board of Veterans' Appeals (Board) promulgated a final decision with respect to the issue, or issues, involved in the appeal; and (2) the agent or attorney was retained not later than one year following the date that the Board promulgated its decision.

[5] In addition, the language of the fee agreements regarding fee disputes limits the recourse options of the parties to the Utah State Bar Fee Dispute Program. We question the validity of such limitation when VA statutes permit claimants to pursue reasonableness reviews by filing a motion with OGC. Notwithstanding any limitation written into a fee agreement, OGC always has the option to review fees for reasonableness, sua sponte. 38 U.S.C. § 5904(c)(3)(A); 38 C.F.R. § 14.636(i).

(OGC FOIA 23-12321-F)   000156

8.

Mr. James S. Hill

a case in which either (1) a notice of disagreement was not filed before February 19, 2019, or (2) the attorney was discharged or withdrew and sought fees pursuant to the hourly discharge and withdrawal provision set forth in the fee agreement. For each case identified, please provide: (1) the name of the claimant; (2) the VA file number; (3) the amount of fees charged, solicited, and/or received; and (4) the dates on which these communications or transactions occurred.

### B. Contingency Fees for Expert Testimony

Section 14.632(c)(9) provides that a VA-accredited attorney is prohibited from engaging in, or counseling or advising a claimant to engage in, acts or behavior prejudicial to the fair and orderly conduct of administrative proceedings before VA. Section 14.632(d) provides that in addition to complying with the VA standards of conduct, a VA-accredited attorney is prohibited from engaging in behavior or activities that are prohibited by the rules of professional conduct of any jurisdiction in which the attorney is licensed to practice law. Under the Utah Supreme Court Rule of Professional Practice 3.4(b), an attorney shall not "falsify evidence, counsel or assist a witness to testify falsely, or *offer an inducement to a witness that is prohibited by law*." Utah Sup. Ct. R. Prof'l. Prac. 3.4 (emphasis added); *see also* American Bar Association's Model Rules, Rule 3.4. Utah Code § 78B-1-152, titled "Witnesses – Prohibition of expert witness contingent fees in civil actions," provides that "[a] plaintiff or defendant in a civil action may not engage an expert witness by means of a contingent fee agreement unless approval is sought and received from the court." Utah is not the only state that finds it unethical for an expert witness to be paid by a contingency fee. In fact, "it is considered unethical in virtually every jurisdiction to pay an expert witness a contingency fee, meaning a fee that is 'contingent upon the content of the testimony or outcome of the case." 12 Geo. J. Legal Ethics 465, 477 (1999) (quotations omitted). Indeed, "[s]uch fees are prohibited because they create an unacceptable incentive for the expert to tailor her opinion to the needs or interests of the retaining party. In other words, the expert's independence and objectivity become impaired when payment hinges on the success of the litigation." *Id.* Courts and state ethics boards are consistent that "it is unethical for a lawyer to knowingly present testimony of an expert witness compensated on a contingent fee basis." *Martello v. Santana*, 874 F. Supp. 2d 658, 667 (E. D. Ky. 2012); *see also Taylor v. Cottrell, Inc.*, 795 F.3d 813, 816-17 (8th Cir. 2015) (citing cases where U.S. district court decisions have found contingency-fee witnesses unreliable and unethical); *Tagatz v. Marquette University*, 861 F.2d 1040, 1042 (7th Cir. 1988) ("It is unethical for a lawyer to employ an expert witness on a contingent-fee basis … ."). A practicing attorney should be aware that the ethical concerns underlying this prohibition would apply to persons, such as medical professionals, who generate written evidence for the purpose of a judicial or administrative proceeding and whose independence and objectivity may be impaired by their personal financial stake in the outcome of the claim. Moreover, one could posit that the ethical concerns regarding improper inducements to expert witnesses are especially pronounced in VA's non-adversarial system where a medical opinion by a practitioner with a pecuniary interest in the

(OGC FOIA 23-12321-F)   000157

9.

Mr. James S. Hill

claim would naturally be subject to a lower level of scrutiny than in the traditional adversarial system. *See Hodge v. West*, 155 F.3d 1356, 1362-63 (Fed. Cir. 1998) (recognizing that, in enacting the Veterans Judicial Review Act, "Congress has designed and fully intends to maintain a beneficial non-adversarial system of veterans benefits" where "there is no room for such adversarial concepts as cross examination, best evidence rule, hearsay evidence exclusion, or strict adherence to burden of proof") (citations omitted). Thus, to the extent that a medical professional providing an advisory medical opinion or an examination is being compensated through a contingency fee arrangement, such arrangement would likely be contrary to the Utah Supreme Court Rule of Professional Practice 3.4(b) and section 14.632(c)(9) and (d) of VA's Rules of Conduct for VA-Accredited Individuals.

C.   A Fee Exceeding 33 1/3 Percent Is Presumed Unreasonable.

In accordance with VA regulation 38 C.F.R. § 14.632(c)(5), an attorney is prohibited from entering into an agreement for, charging, soliciting, or receiving a fee that is clearly unreasonable or otherwise prohibited by law or regulation. *See also* 38 C.F.R. § 14.632(c)(5) (requiring an attorney to also comply with the standards of conduct of any jurisdiction in which the attorney is licensed); Utah R. Prof. Conduct 3.4(b). Moreover, under VA's governing regulations, a fee that exceeds 33 1/3 percent of the claimant's past-due benefits is always presumed to be unreasonable. 38 C.F.R. § 14.636(f)(1).

Additionally, courts and state ethics boards have found that, dependent on the facts of the case, it may be unethical to charge a contingency fee for legal services on top of a contingency fee for medical consulting. *See Ojeda v. Sharp Cabrillo Hospital*, 8 Cal. App. 4th 1, 17-18 (1992) (noting that ABA Formal Opinion 87-354 found that, "[t]o the extent the Consultant is assuming responsibility for services which the lawyer would normally provide, and may be required to provide as part of the normal service for a customary contingent fee, the lawyer's service is reduced, and what might otherwise be a reasonable contingent fee becomes unreasonable" and that District of Columbia Bar Opinion No. 55 determined that a consultant's services "may displace lawyer work" and "[t]o the extent that this happens, through its analysis of records, finding and interviewing witnesses, preparing factual statements for experts, and similar services the reasonableness of the lawyer's contingent fee percentage may be affected") (citations omitted).

As discussed above, Trajector, Inc.'s SEC filing makes clear that Trajector Medical charges a contingent fee for its services.[6] Indeed, in exchange for this

---

[6] Although in its SEC filing Trajector, Inc., described the services provided by Trajector Medical as a consulting service, it also stated that Trajector Medical employs its own experts to provide witness testimony. According to the SEC filing, the Trajector Medical staff includes 88 licensed medical, legal, and insurance professionals as well as 248 subject matter experts in the fields of pathophysiology, pharmacology, orthopedics, biomechanics, and psychiatry. *See* Form S-1,

(OGC FOIA 23-12321-F)   000158

10.

Mr. James S. Hill

contingent fee equal to the "difference between the increase in pay for a period of five months," *see* Trajector, Inc., SEC filing, it provides "medical evidence that meets the VA's [regulatory] requirements of their Schedule for Rating Disabilities," *see* Why Us, trajectormedical.com, https://www.trajectormedical.com/why-us/ (last visited Jan. 14, 2022). Separate and apart from this charge, attorneys employed by the same company, Trajector, Inc., by and through its subsidiary, Trajector Legal, are charging a fee in the amount of nearly 33 1/3 percent of the claimant's past-due benefits. *See* enclosure 3, redacted fee agreement. Although Trajector, Inc.'s SEC filing asserts that it "ensure[s] that [Trajector Legal's] attorneys are able to meet their ethical obligations," *see* Form S-1, TRAJECTOR, INC., sec.gov, p. 140, https://www.sec.gov/Archives/edgar/data/0001875772/000119312521300749/d18016 8ds1.htm (last visited Jan. 14, 2022), OGC has received evidence of apparent unethical conduct of Trajector Legal attorneys because, not only do they knowingly present the opinion of a medical expert compensated on a contingent fee basis but they also are charging a contingency fee of nearly 33 1/3 percent of the claimant's past-due benefits for their own legal services on top of, and without regard to the contingency fee charged for Trajector Medical's services, which appear to be much of the same services as normally provided by VA-accredited attorneys and agents.

OGC has received a Trajector Legal form, titled "HIPAA AUTHORIZATION FOR USE OR DISCLOSURE OF HEALTH INFORMATION," that informs the claimant that the attorneys of Trajector Legal intend to share medical information with all subsidiaries of Trajector, Inc. *See* enclosure 4, HIPAA Form. This language, among other things, suggests a close relationship between Trajector Legal and Trajector Medical. Based on the close relationship of the companies and the public disclosure of Trajector Medical's fee structure in the SEC filing by Trajector, Inc., it appears that Trajector Legal either knew or should have known of the contingency fee charged by Trajector Medical consulting company.

In addition, numerous fee agreements that Trajector Legal attorneys have submitted to OGC include not only a 33.3 percent contingent fee but also a provision stating that any fee agreements with other parties are completely separate from the fee agreement with Trajector Legal. A disclaimer attached to the fee agreements states explicitly:

> Client understands there are various companies under the umbrella of Trajector, Inc., which provide different types of services. Client may be using a different Trajector company while pursuing Trajector Legal, LLC, for legal services. Any fees for nonlegal services provided by other subsidiaries or companies of Trajector, Inc., are separate and distinct from the fees provided by Trajector, Inc., for legal services. For instance, if you owe a different

---

TRAJECTOR, INC., sec.gov, pp. 5, 120, https://www.sec.gov/Archives/edgar/data/0001875772/000119312521300749/d18016 8ds1.htm (last visited Jan. 14, 2022).

(OGC FOIA 23-12321-F)   000159

11.

Mr. James S. Hill

Trajector company for the cost of medical consulting services, your payment to Trajector Legal, LLC, for legal services[] does not waive or affect in any way your obligation to pay an agreed bill under your contract with the other company or satisfy your debt to the other company.

*See* enclosure 3, redacted fee agreement. Therefore, it appears that Trajector Legal attorneys are not only stacking a contingency fee for what is claimed to be legal services on top of a contingency fee for what is claimed to be medical consulting services, they are charging a presumptively unreasonable fee, as the ultimate fee charged to the claimant would necessarily be greater than the 33 1/3 percent contingent fee charged for legal services alone. Such a fee appears to be in violation of section 14.632(c)(2), prohibiting a VA-accredited attorney from circumventing a rule of conduct through the actions of another and section 14.632(c)(5), prohibiting an attorney from charging a fee that is clearly unreasonable or otherwise prohibited by law.

This letter initiates a preliminary inquiry pursuant to § 14.633(e) and provides the attorneys named within this inquiry with an opportunity to respond to the allegations within 30 days. Please note that, at this time, our office has not reached any definitive conclusions regarding the conduct. We will consider the responses we receive, along with other evidence of record, to determine whether to proceed with a formal inquiry to seek cancellation or suspension of Trajector Legal attorneys' accreditation pursuant to § 14.633(e) and/or refer the matter to the Chief Disciplinary Counsel of the Utah Office of Professional Conduct and/or other enforcement authorities.

Based on the credible written information referenced above, there is an indication that Trajector Legal attorneys may have violated the standards of conduct governing representation before VA in the following manners:

☒ Failing to provide claimants with competent representation before VA. *See* 38 C.F.R. § 14.632(b)(1).

☒ Violating the standards of conduct as described in 38 C.F.R. § 14.632. 38 C.F.R. § 14.632(c)(1).

☒ Circumventing the rules of conduct through the actions of another. 38 C.F.R. § 14.632(c)(2).

☒ Violating one or more of the provisions of title 38, United States Code, or title 38, Code of Federal Regulations. 38 C.F.R. § 14.632(c)(4).

☒ Entering into an agreement for, charging, soliciting, or receiving a fee that is clearly unreasonable or otherwise prohibited by law or regulation. 38 C.F.R. § 14.632(c)(5).

☒ Engaging in, or counseling or advising a claimant to engage in acts or behavior prejudicial to the fair and orderly conduct of administrative proceedings before VA. 38 C.F.R. § 14.632(c)(9).

(OGC FOIA 23-12321-F)   000160

12.

Mr. James S. Hill

☒ Engaging in any other unlawful or unethical conduct. 38 C.F.R. § 14.632(c)(11).
☒ Engaging in behavior or activities prohibited by the rules of professional conduct of any jurisdiction in which you are licensed to practice law. 38 C.F.R. § 14.632(d).

The VA General Counsel must cancel, or suspend, an attorney's accreditation if he finds, by clear and convincing evidence, that the attorney has violated or refused to comply with the laws administered by VA or with the regulations governing practice before VA, including the standards of conduct in 38 C.F.R. § 14.632. *See* 38 C.F.R. § 14.633(c)(1), (g). If the Trajector Legal attorneys wish to respond to the allegations against them, we request that the attorneys provide a written response within 30 days from the date of this letter. We will then make a determination, based on the evidence of record, whether to initiate a formal inquiry to seek cancellation or suspension of the Trajector Legal attorneys' accreditation pursuant to 38 C.F.R. § 14.633(e) and/or whether this matter should be referred to the Chief Disciplinary Counsel of the Utah Office of Professional Conduct.

### III. Conclusion

If there are any questions regarding the matters in this letter, please contact (b)(6) the VA staff attorney assigned to this case at (b)(6) @VA.gov or (b)(6)

Sincerely yours,



(b)(6)

David J. Barrans
Chief Counsel

Enclosures:  1: OGC's June 2017 letter
2: James Hill's July 2017 letter
3: Redacted fee agreement
4: HIPAA Form

cc: Natalie Porter Westbrook; Samuel Ryan Vanover; Thomas Jared Ellis; Susan Marie Fox; Derek Harper Wentz; Danielle Christine Choi; Sarah Elizabeth Jenkins; Michael John Ogden; Steven Bradley Howes; Lauren Elizabeth Moss; Patrick Scott Haynes; Tim Benjamin Carpenter; Kirsten Courtney Jansen; James Robert Davis; Nicholas Andrew Huntsman; Kayla Ilene Byrd-Daniels; David Daniel Bott; and James S. Trieschmann.

(OGC FOIA 23-12321-F)   000161